# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

PATRICK A. LINSTRUTH,

    Petitioner,                                                Civil Action No. 1:05-mc-038

    vs.

UNITED STATES,                                 **REPORT AND**
                                                                **RECOMMENDATION**
    Respondent.                                       (Watson, J.; Hogan, M.J.)

        On August 4, 2005, petitioner Patrick A. Linstruth filed a petition to quash a third-party summons issued by the Internal Revenue Service (IRS) to Discover Financial Services, Incorporated. (Doc. 1).  Petitioner seeks to quash the third party summons; to enjoin the IRS from issuing any further administrative summonses with regard to petitioner and his wife, Lana Linstruth, with regard to their tax liabilities for the years 2001, 2002, and 2003; an order requiring the IRS to destroy all information obtained through the issuance of the summons; and an order prohibiting Discover Financial Services, Incorporated from providing the information sought in the summons.  The United States has filed a motion to dismiss (Doc. 3), to which petitioner has not responded.  For the reasons that follow, the undersigned recommends that the petition to quash be denied and the motion to dismiss be granted.

        On July 7, 2005, the Internal Revenue Service issued a third-party summons to Discover Financial Services, Incorporated in the matter of "Patrick Lindstruth and Lana Lindstruth Doing Business As QNET Quantum Networking" seeking information for the tax years 2001, 2002, and 2003.  Specifically, the summons seeks information relating to payments made to Quantum Networking Solutions, QNET, petitioner, and/or petitioner's wife. (Doc. 1, attachment).  That same day, July 7, 2005, the IRS mailed notice of the summons by certified mail to the petitioner. (Doc. 3, Exh. B).  This notice of summons was received by the petitioner on July 14, 2005. (Doc.

3, Exh. C). On August 2, 2005, Discover Financial Services provided the information requested in the summons. On August 4, 2005, petitioner filed the instant petition to quash the summons issued to Discover, some 28 days after the issuance of the summons.

The motion to dismiss should be granted because the Court lacks jurisdiction over the petition to quash the IRS summons. Proceedings to quash a summons must be instituted "not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2)" to the petitioner. 26 U.S.C. § 7609(b)(2)(A). Notice given by certified mail is sufficient under subsection (a)(2) and considered to be provided on the date of certified mailing. *Clay v. United States*, 199 F.3d 876, 878 (6th Cir. 1999). "[A] taxpayer entitled to notice must begin a proceeding to quash a summons to a third-party recordkeeper within twenty days from the date on which notice of the summons and the right to file a petition to quash is mailed by the IRS by certified . . . mail to him." *Id*.

In the instant case, the petition to quash the summons was filed on August 4, 2005, which is 28 days after notice of the summons and the right to file a petition to quash was mailed by certified mail to petitioner on July 7, 2005. The twenty-day filing requirement has been strictly construed by the Sixth Circuit and the failure to file within this deadline divests the Court of jurisdiction over the petition to quash. *Clay*, 199 F.3d at 879. "The government's waiver of sovereign immunity ends–and thus jurisdiction ends–when the twenty-day limitation period has run." *Id.*, quoting *Faber v. United States*, 776 F.2d 1118, 1119 (10th Cir. 1990). Accordingly, the Court is without jurisdiction over the petition to quash.

Moreover, to the extent petitioner seeks to prohibit Discover from providing the requested information to the IRS, such a request is moot as Discover produced the requested information on August 2, 2005, two days before petitioner filed his motion to quash. In addition, to the extent petitioner seeks to enjoin the IRS from issuing any further administrative summonses with regard to his potential tax liabilities and an order requiring the IRS to destroy

any information obtained through the issuance of the summons his requests are barred by the Anti-Injunction Act, which provides that "no suit for the purposes of restraining the assessment or collection of any tax shall be maintained in any court for any reason." 26 U.S.C. § 7421(a). "The Anti-Injunction Act 'is equally applicable to activities which are intended to or may culminate in the assessment or collection of taxes.'" *Dickens v. United States*, 671 F.2d 969, 971 (6th Cir. 1982) (quotations omitted). "A suit designed to prohibit the use of information to calculate an assessment is a suit designed 'for the purpose of restraining' an assessment under the statute." *Id*. Since the IRS's investigation in this matter may lead to the assessment and collection of taxes, the Act prohibits the injunctive relief sought by petitioner.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The motion to dismiss of the United States be GRANTED.

2.  The petition to quash be DENIED.

Date: 11/2/2005                                              s/Timothy S. Hogan
                                                             Timothy S. Hogan
                                                             United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

PATRICK A. LINSTRUTH,
    Petitioner,                                             Civil Action No. 1:05-mc-038

    vs.

UNITED STATES,
    Respondent.                                             (Watson, J.; Hogan, M.J.)

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R&R**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

1:05mc38 doc.4

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Patrick A. Linstruth<br>2810 W. Avenue K #486<br>Lancaster, California<br>93536 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail   ☐ Express Mail<br>☐ Registered      ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label) | 7001 2510 0008 6348 2740 |
| PS Form 3811, August 2001 | Domestic Return Receipt   102595-02-M-1540 |